**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION, INC.,**<br>Plaintiff,<br>v.<br>**TEXAS ETHICS COMMISSION; CHRIS FLOOD**, in his official capacity as Chair of the Texas Ethics Commission; **PATRICK W. MIZELL**, in his official capacity as Vice Chair of the Texas Ethics Commission; **ROBERT L. DUNCAN, SEAN GORMAN, GEANIE MORRISON, RICHARD S. SCHMIDT, JOSEPH O. SLOVACEK,** and **MARK STRAMA**, each in his or her official capacity as a Commissioner of the Texas Ethics Commission; and **JAMES TINLEY**, in his official capacity as Executive Director of the Texas Ethics Commission,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>6:26-cv-00699-LS |

**PLAINTIFF'S RESPONSE TO NOTICE OF RELATED CASE**

Plaintiff Foundation for Individual Rights and Expression, Inc. ("FIRE") responds to the Notice of Related Case filed by the Institute for Free Speech ("IFS"), which is not a party to this action. ECF No. 7. FIRE has not concealed IFS's case; to the contrary, FIRE has highlighted that litigation and its complaint discusses it at length. FIRE submits that this action is not related to IFS's case and should remain with its current assignment. Further, FIRE opposes consolidation and opposes any step that would delay a ruling on its pending motion for preliminary injunction. ECF No. 2.

## I. FIRE disclosed IFS's case from the start.

Local Rule CV-3(a) requires parties to advise the Court of any related cases "through means of the Civil Cover Sheet or otherwise." FIRE's verified complaint identifies IFS's case by

name and docket number, describes its history, and relies on the Fifth Circuit's standing decision in that action. ECF No. 1 ¶¶ 7, 12, 28–36. FIRE's motion for preliminary injunction does the same. ECF No. 2. The Court and the parties have known of IFS's case since the day this action was filed; it is one of the most prominently cited cases in FIRE's papers.

## II. The two cases are not related and differ in important ways.

IFS cites this Court's Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions ("Amended Plan") for the standards governing related cases. That document gives four grounds for deeming a case related; three of those grounds are clearly inapposite. *See* Amended Plan VIII (1), (2), & (4) (regarding shared property, the validity of patents, and overlapping class actions). IFS points to VIII (3), which covers a case that "involves substantially the same issue(s) of fact or grows out of the same transaction(s)" as a related case.

But while these cases share a statute and an advisory opinion, they do not arise from the same transaction or present the same facts. FIRE's claims arise from one specific representation: its proposed pro bono representation of Adriane Hodges, the Treasurer-elect for Bell County, in a challenge to Texas Local Government Code § 152.052 that must be decided before a statutory deadline of January 6, 2027. ECF No. 1 ¶¶ 44–59. IFS's case, by contrast, concerns both its own proposed clients and "any other corporate legal-services provider" that works for "any other Texas candidate or political committee for the purposes of pro bono litigation against the government." Complaint at 19, *IFS v. Tinley,* No. 1:23-cv-01370-DAEML (W.D. Tex. August 3, 2023). The Commission issued Ethics Advisory Opinion No. 580 in response to IFS's request, not FIRE's. ECF No. 1 at ¶ 28.

The cases also differ in their claims, parties, and posture. FIRE challenges both § 253.003 and § 253.094 of the Texas Election Code; IFS describes its case as challenging only § 253.094.

ECF No. 7 at 1–2. FIRE wishes solely to challenge Texas Local Government Code § 152.052—not the "Texas Election Laws" IFS wishes to pursue. ECF 7 at 2. FIRE names the Texas Ethics Commission as a defendant, in addition to its Commissioners and Executive Director. ECF No. 1 ¶¶ 16–19. IFS's case is pending in the Austin Division; this case was filed in the Waco Division. And IFS's case has been pending since 2023, with cross-motions for summary judgment now before the court, ECF No. 7 at 3, while this case was filed on November 2, 2026, and is at the preliminary injunction stage.

Finally, and predictably given their different factual predicates, the cases involve dramatically different requests for relief. While FIRE's as-applied request is limited to a specific (and extraordinarily time sensitive) representation, IFS has requested sweeping injunctive relief reaching any pro bono litigation "against the government" by a Texas candidate or political committee. Complaint at 19, *IFS v. Tinley,* No. 1:23-cv-01370-DAEML (W.D. Tex. August 3, 2023).

### III. Consolidation is not properly requested and would prejudice FIRE.

IFS suggests that the cases might "even" be consolidated. ECF No. 7 at 3. That request is not properly before the Court. "A request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), and IFS is not a party to this action. No party has moved to consolidate under Federal Rule of Civil Procedure 42(a).

It would also be improper. Consolidation is appropriate when cases share common questions and consolidation "would avoid unnecessary costs or delay," but it "is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). FIRE has asked for expedited consideration because Ms. Hodges's suit must be filed, briefed, and decided before January 6, 2027. The

Commission's interim commitment not to enforce, described in FIRE's motion, expires on December 15, 2026. Joining this case to a three-year-old case at the summary judgment stage would delay relief that FIRE needs immediately. The danger of delay is especially acute as the Court has ordered supplementary briefing in IFS's litigation—a mere six days ago—which is not expected to conclude until December 15, 2026. Order, ECF No. 94, No. 1:23-cv-01370-DAE-ML (Nov. 3, 2026).

Nor is there a meaningful risk of inconsistent rulings. The Fifth Circuit's decision in *Institute for Free Speech v. Johnson*, 148 F.4th 318 (5th Cir. 2025), binds both courts, and FIRE's as-applied claim turns on the facts of its own proposed representation—and is the sole requested relief in its preliminary injunction motion. ECF No. 2 at 17-18. Meanwhile, IFS's case, with its broader claims and requests for relief, is poised to be decided on the merits. It can point to no prejudice that will arise where a factually distinct case is adjudicated in a preliminary posture while its claims proceed imminently to final judgment. Indeed, consolidation may delay the determination of both cases, contrary to IFS's interests.

## IV. Conclusion

FIRE respectfully submits that this action should remain with its current assignment. FIRE asks that the Court decline to consolidate this action with *Institute for Free Speech v. Tinley*, No. 1:23-cv-01370-DAE-ML, and that it preserve the expedited schedule requested in FIRE's motion for preliminary injunction regardless of assignment.

Dated: November 10, 2026

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ Rachel Palmer Hooper
Rachel Palmer Hooper
Texas Bar Number 24039102
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 646-1329
rhooper@bakerlaw.com

Allen J. Dickerson (*pro hac vice* application forthcoming)
Allison D. Tuck (*pro hac vice* application forthcoming)
1717 K Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 861-1507
adickerson@bakerlaw.com
atuck@bakerlaw.com

*Counsel for Plaintiff Foundation for Individual Rights and Expression, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on November 10, 2026, I electronically filed this response with the Clerk of Court through the CM/ECF system, which will send notice of the filing to all counsel of record, including counsel for the Institute for Free Speech. I further certify that on the same date I sent a copy by email to:

Ms. Amanda Arriaga, General Counsel, Texas Ethics Commission, P.O. Box 12070, Austin, Texas 78711-2070, amanda.arriaga@ethics.texas.gov

Ms. Natalie McDermon, Deputy General Counsel, Texas Ethics Commission, P.O. Box 12070, Austin, Texas 78711-2070, natalie.mcdermon@ethics.texas.gov

/s/ Rachel Palmer Hooper